IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD LAWRENCE, #132995, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:20-CV-716-ECM |
| ) | (WO) |
| ) | |
| ALCORNELIA TERRY,[1] et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[2]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Donald Lawrence, a state inmate. In this complaint, Lawrence challenges the constitutionality of classification decisions entered from 1993 until the present date, the most recent of which have been made over the last several years during his confinement at the Limestone Correctional Facility. Doc. 1 at 4–21.[3] Specifically, Lawrence alleges that

---

[1] Lawrence refers to defendant Terry in the complaint both as Alcornelia Terry and Alcornelius Terry. The court will refer to this defendant as she is listed in the style of the case.

[2] All documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[3] The court notes that
> [a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

the defendants—listed in the complaint as Alcornelia Terry, Director of Classification for the Alabama Department of Corrections, several classification specialists and the Alabama Department of Corrections—have used and maintained false information regarding his criminal offense history in his files.

Upon review of the complaint, the undersigned finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[4]

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

---

[4]Upon initiation of this civil action, Lawrence filed an application for leave to proceed *in forma pauperis*. Doc. 2.  Lawrence also filed motions in which he seeks permission to provide copies of documents filed herein only to the court and defense counsel, Doc. 3, and requests service of the complaint by the court. Doc. 4. Under the circumstances of this case, the court concludes that rulings on the *in forma pauperis* application, including assessment and collection of any filing fee, and the other motions filed by Lawrence should be left to the discretion of the United States District Court for the Northern District of Alabama.

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions made the basis of the instant complaint that have occurred within the past two years transpired at a prison located in the Northern District of Alabama, and these actions relate to decisions of classification specialists assigned to the facility. Although, by virtue of her position as Director of Classification for the Alabama Department of Corrections, defendant Terry may reside in the Middle District of Alabama, she is nonetheless subject to service of process throughout the State. As to defendant Kristen Bias, Lawrence lists Limestone Correctional Facility as her address for service, Doc. 1 at 4, indicating that this defendant resides in the Northern District of Alabama. With respect to the other individuals named as defendants, the plaintiff fails to provide a specific place of employment or residence for these individuals and merely lists the general address for the Alabama Department of Corrections in Montgomery, Alabama as the address for service. Doc. 4 at 1–2. Finally, it appears to the court that the witnesses and evidence associated with the claims that potentially may be properly raised in this case reside in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[5]

### III. CONCLUSION

---

[5] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Accordingly, it is the Recommendation of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404(a).

On or before **September 30, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 16th day of September, 2020.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge