UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DONALD LAWRENCE, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>ALCORNELIA TERRY, et al., )<br>)<br>　　Defendants. ) | Case No. 5:20-cv-01576-LSC-JHE |

**REPORT AND RECOMMENDATION**

Plaintiff Donald Lawrence has filed a *pro se* complaint seeking monetary damages or injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights. (Doc. 1). He names the following defendants in the complaint: Alabama Department of Corrections ("ADOC"); Kristen Bias Obenchain[1]; Kimbrell Thomas; Ellie Hester[2]; D. Stutts; Charles Sumner; Nesha Hall; and Patrick Hayes. (Doc. 1 at 4).[3] Lawrence seeks monetary and injunctive relief. (Doc. 1 at 22). The complaint is before the undersigned magistrate judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the undersigned recommends: (1) Lawrence's claims against the ADOC be dismissed based on Eleventh Amendment immunity; (2) Lawrence's claims against defendant Kimbrell Thomas be dismissed for want of service under Rule 4(m) of the Federal Rules of Civil Procedure; (3) all of Lawrence's claims against the defendants which accrued prior to September

---

[1] Identified in the complaint as "Kristen Bias." (Doc. 1 at 4).

[2] Incorrectly identified in the complaint as "C. Hester" and "F. Hester." (Doc. 1 at 4).

[3] Lawrence also named Alcornelia Terry as a defendant (doc. 1 at 4), but later moved to dismiss his claims against her (doc. 31 at 1). The undersigned granted Lawrence's motion to dismiss Terry as a defendant. (Doc. 33).

1, 2018 be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1) based on the applicable statute of limitations; and (4) defendants Obenchain and Hayes' motion for summary judgment be granted on Lawrence's due process and conspiracy claims against them which accrued after September 1, 2018.

## I. Procedural History

On May 5, 2021, the undersigned entered an Order for Special Report directing the Clerk to forward copies of the complaint to each of the named defendants and directing the defendants to file a Special Report addressing the plaintiff's factual allegations. (Doc. 12).

On September 13, 2021, defendants Hayes, Hester, and Obenchain filed a Special Report with supporting evidence. (Doc. 24). On July 11, 2022, defendants Stutts and Sumner filed a Special Report with supporting declarations. (Doc. 45). On October 4, 2022, Defendant Hall filed a Special Report with supporting evidence. (Doc. 51). On October 11, 2022, the court construed the Special Reports as motions for summary judgment and notified Lawrence that he had 21 days to respond to the motions for summary judgment by filing affidavits or other evidence. (Doc. 52). The court also advised Lawrence of the consequences of any default or failure to comply with Rule 56. (Doc. 52); *see Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Lawrence filed several responses. (Docs. 27, 50, 53).

This matter is now before the court on the defendants' motions for summary judgment.

## II. Standard of Review

Because the court has construed the defendants' Special Reports as motions for summary judgment, Federal Rule of Civil Procedure 56 governs the motions. Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In making that assessment, the court

2

views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences against the moving party. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The moving party has the initial burden of showing there are no genuine issues of material fact and he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The plaintiff has the ultimate burden of proving his claims, so the moving party will be entitled to judgment as a matter of law on any claim unless the plaintiff is able to show some evidence supporting each element of that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). As the Supreme Court explained:

> In our view, the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.*

In determining whether to grant summary judgment, however, the court will consider any "specific facts" pled in a *pro se* plaintiff's sworn complaint. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)). Additionally, because the plaintiff is *pro se*, the court must construe the complaint more liberally than a pleading drafted by a lawyer. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. Summary Judgment Facts[4]

On October 1, 1982, Lawrence was convicted of first-degree rape and sentenced to 99 years imprisonment. (Doc. 1 at 5). Lawrence was housed at St. Clair Correctional Facility and later transferred to Limestone Correctional Facility. (Doc. 1 at 5). His progress reviews between 1984 and 1992 indicate that he had only one conviction. (Doc. 1 at 5; Doc. 1-36, 1-37, 1-38, 1-39). Lawrence was later transferred back to St. Clair. (Doc. 1 at 5).

Lawrence alleges that on his August 1993 progress review, Classification Specialist Kimbrell Thomas incorrectly noted that in addition to his conviction and sentence for rape, he had a prior conviction in 1979 for assault with intent to ravish.[5] (Doc. 1 at 5; Doc. 1-40).

Lawrence was then transferred to Bullock Correctional Facility where Classification Specialist Ellie Hester noted on Lawrence's August 1994 progress review that he had a prior conviction for assault with intent to ravish. (Doc. 1 at 6; Doc. 1-41).

After Lawrence was transferred again to Limestone, Classification Specialist D. Stutts[6]

---

[4] Pursuant to the foregoing summary judgment standard, the following facts are undisputed or, if disputed, taken in a light most favorable to Lawrence as the non-moving party. Factual disputes are addressed in footnote form.

[5] Obenchain states that to ensure appropriate custody and placement within ADOC, Classification staff routinely obtain official source documents from outside agencies to assist in the classification process. (Doc. 24-1, Obenchain Aff. at 1). Obenchain asserts that in Lawrence's case, the official source document was a September 30, 1982 Pre-Sentence Investigation ("PSI") prepared by a probation and parole officer employed with the Alabama Bureau of Pardons and Paroles. (Doc. 24-1, Obenchain Aff. at 1). Obenchain notes that the PSI Report indicated that Lawrence was convicted of assault with intent to ravish on November 16, 1979 in Jackson County, Alabama. (Doc. 24-1, Obenchain Aff. at 1). She states the PSI Report also noted, "'Subject admits to a charge of Criminal Trespass and a charge of Violation of State Firearms in Marshall County on 7-17-82. He indicates he has plead guilty to both charges and sentence is currently pending.'" (Doc. 24-1, Obenchain Aff. at 1; Doc. 1-56).

[6] Deborah Stutts filed a declaration stating that she retired from the Alabama Bureau of Pardons and Paroles more than seven years ago. (Doc. 45-1, Stutts Decl. at 1). Stutts contends that she has

cited Lawrence as having a prior conviction for assault with intent to ravish on his August 1995 and 1997 progress reviews. [7]  (Doc. 1 at 6; Docs. 1-42, 1-44).  Between 1999 and 2003, D. Stutts continued to include the prior conviction of assault with intent to ravish on Lawrence's progress reviews and referred to him as a repeat sex offender.  (Doc. 1 at 6; Docs. 1-46, 1-47, 1-48, 1-49, 1-50).

In 2004 and 2005, Classification Specialist Harris did not include a prior conviction in Lawrence's annual progress reviews.[8]  (Doc. 1 at 7; Docs. 1-51, 1-52).

In September 2006, former Classification Specialist Kristen Bias Obenchain did not expressly state in Lawrence's progress review that he had a prior conviction but did note his rape conviction and stated he had a "similar pattern of behavior prior to this incident."  (Doc. 1 at 7; Doc. 1-53).

In December 2008, Classification Specialist Hester included in Lawrence's progress review that he had prior convictions for assault with intent to ravish and trespassing.  (Doc. 1 at 7; Doc. 1-19).  Obenchain approved the progress review.  (Doc. 1 at 7; Doc. 1-19). Lawrence contends that he has never been convicted of trespassing.  (Doc. 1 at 19).  He attached to his complaint letters from the Albertville Municipal Court and the Clerk's Office for the Marshall County Circuit Court stating that no trespassing conviction was found for him. (Doc. 1-32; doc. 1-56).

---

never worked for ADOC, and she has never been employed as a Classification Specialist.  (Doc. 45-1, Stutts Decl. at 1).

[7] The prior conviction for assault with intent to ravish was also noted on Lawrence's August 1996 and July 1998 progress reviews, but he cannot identify the signature of the Classification Specialist.  (Doc. 1 at 6; Docs. 1-43, 1-45).

[8] Lawrence states that Harris is deceased.  (Doc. 1 at 7).  Harris is not named as a defendant. (Doc. 1).

Lawrence alleges that in 2010 and 2011, Classification Specialist Nesha Hall and Obenchain noted on classification summaries that Lawrence had a prior conviction for assault with intent to ravish but did not include a prior conviction for trespassing.[9]  (Doc. 1 at 7; Doc. 1-20; Doc. 1-21).

In 2012 and 2013, Classification Specialist Patrick Hayes and Obenchain noted on Lawrence's classification summaries that he had prior convictions for both assault with intent to ravish and trespassing.  (Doc. 1 at 7; Doc. 1-22; Doc. 1-23).

In 2014, 2016, and 2017, Classification Specialist Charles Sumner and Obenchain stated in Lawrence's classification summaries that he had been convicted of assault with intent to ravish and trespassing.[10]  (Doc. 1 at 8; Doc. 1-24; Doc. 1-25; Doc. 1-26).  On August 16, 2018, Classification Specialist Hayes and Obenchain included both prior convictions in Lawrence's classification summary.  (Doc. 1 at 8; Doc. 1-27).

On October 15, 2018, Lawrence asked Warden Patrick for assistance in correcting the information in his prison record.  (Doc. 1 at 9).  Warden Patrick referred the matter to Classification Specialist Hayes.  (Doc. 1 at 9).  Hayes maintained that Lawrence had prior convictions for assault with intent to ravish and trespassing.  (Doc. 1 at 9; Doc. 1-30).

Lawrence stated in an October 29, 2018 letter to Obenchain that he had recently obtained a copy of his PSI Report and that assault with intent to ravish was marked through and replaced

---

[9] Nesha Hall submitted a declaration stating that she left her employment at ADOC in 2012. (Doc. 51-1, Hall Decl. at 1).  Hall states that when she was employed as a Classification Specialist, inmate cases were assigned by letter and she "was not in charge of inmates with the last name beginning with the letter L."  (Doc. 51-1, Hall Decl. at 1).

[10] Sumner filed a declaration stating that he retired as a Classification Specialist in October 2017.  (Doc. 45-2, Sumner Decl. at 1).  He asserts that he has never maintained false information about Lawrence's criminal history in his files or supplied false information to the Alabama Bureau of Pardons and Paroles.  (Doc. 45-2, Sumner Decl. at 1).

with assault and battery, which is a misdemeanor.[11]  (Doc. 1 at 9; Doc. 1-31).  Obenchain responded that the assault with intent to ravish conviction was on Lawrence's PSI Report and was not marked out or altered in any way.[12]  (Doc. 1 at 9; Doc. 1-31).

On April 29, 2019, the Circuit Court of Jefferson County denied Lawrence's motion to expunge information from his PSI Report but granted his motion to clarify the record.  (Doc. 1-28).  Specifically, the circuit court attached case action summaries noting Lawrence had been convicted of a misdemeanor offense of assault and battery and a burglary charge was *nolle prossed* on motion of the State.  (Doc. 1-28).  The Court directed the Clerk to deliver a copy of the order and attachments to the ADOC and the Alabama Bureau of Pardons and Paroles ("ABPP").  (Doc. 1-28).  Lawrence contends that despite the circuit court's clarification, Classification Specialist Hayes again included the two prior convictions for assault with intent to ravish and trespassing in Lawrence's August 29, 2019 classification summary.[13]  (Doc. 1 at 8).

In June 2019, Lawrence submitted a formal complaint to the ADOC concerning the alleged false convictions in his record.  (Doc. 1 at 10).  As of the date he filed this action, he had not

---

[11] Lawrence has submitted a copy of a PSI Report which has the 1979 assault with intent to ravish conviction marked through and replaced with assault and battery.  (Doc. 1-56).

[12] Obenchain contends she relied on the information in the PSI Report when completing and reviewing Lawrence's progress reviews.  (Doc. 24-1, Obenchain Aff. at 1).  Obenchain contends that at no time has she provided arrest record information to the Alabama Bureau of Pardons and Paroles regarding Lawrence and asserts that it was the Bureau that provided Lawrence's arrest record information to ADOC.  (Doc. 24-1, Obenchain Aff. at 1).

[13] Hayes contends that in October 2019, he made the correction on Lawrence's annual progress review to reflect that the assault with intent to ravish charge was pled down to assault and battery based on a case action summary Lawrence submitted to Classification.  (Doc. 24-2, Hayes Aff. at 1).  Hayes states that Lawrence's January 2021 annual progress review also reflects the correction.  (Doc. 24-2, Hayes Aff. at 1).  He asserts that he continued to note a prior conviction for trespassing on Lawrence's annual progress reviews based on information in the PSI Report.  (Doc. 24-2, Hayes Aff. at 1).  Hayes maintains that he has not provided any information to the ABPP concerning Lawrence.  (Doc. 24-2, Hayes Aff. at 1).

received a response. (Doc. 1 at 10).

Lawrence alleges that he has been denied parole repeatedly and contends that the false convictions have had a "prejudicial effect" on the ABPP's decisions.[14] (Doc. 1 at 10). For instance, Lawrence alleges that on February 7, 2015, a hearing was held to determine his eligibility for parole. (Doc. 1 at 8). Lawrence contends that the Attorney General's Office repeated the assertion that he had two prior felony convictions and had been incarcerated before. (Doc. 1 at 8). He maintains that he is a "first time offender" and alleges the "false information" concerning two prior convictions was derived from the ADOC's annual progress reviews and classification summaries. (Doc. 1 at 8).

Lawrence further alleges that the defendants were aware that the information concerning his prior convictions was false and erroneous but conspired to violate his due process rights by maintaining the false information in his prison record. (Doc. 1 at 10, 14, 16, 20). While Lawrence contends the ABPP acted in "good faith," and merely reviewed the record and information supplied by the defendants (doc. 1 at 14), he alleges elsewhere that the defendants' actions in submitting false information to the ABPP caused it to exceed its authority under Ala. Code § 15-22-26 (1975) which sets forth the standards for release of prisoners on parole. (Doc. 1 at 14).

## IV. Analysis

### A. Alabama Department of Corrections

Lawrence names the ADOC as a defendant. (Doc. 1 at 1). However, Lawrence's claims against the ADOC are due to be dismissed.

---

[14] Lawrence states he was denied parole in 1997, 1999, 2003, 2007, 2012, and 2015. (Doc. 1 at 10).

The Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). The Supreme Court has noted:

> There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. at 782 (citations omitted). Accordingly, Lawrence cannot maintain a § 1983 action against the ADOC and his claims against the Department are due to be dismissed.

**B. Kimbrell Thomas**

Lawrence alleges Classification Specialist Kimbrell Thomas incorrectly noted in his August 1993 progress review that he had a prior conviction in 1979 for assault with intent to ravish. (Doc. 1 at 5; Doc. 1-40). In response to the court's order to provide Thomas's last known address (doc. 34), counsel for the ADOC advised the court that there is no current or former employee by the name of Kimbrell Thomas (doc. 35). Although Lawrence was notified of ADOC's response (doc. 36 at 1), he has not made any attempt to correct the name of this defendant or otherwise request additional information to uncover the defendant's identity. Because Kimbrell Thomas has not been served with the complaint, Lawrence's claim against Thomas is due to be dismissed without prejudice. *See* FED. R. CIV. P. 4(m).

**C. Statute of Limitations – Claims which Accrued Prior to September 1, 2018**

Although the defendants have not addressed the timeliness of Lawrence's claims in their Special Reports (docs. 24, 45, 51), a federal court may *sua sponte* consider a statute of limitations defense in an action under 42 U.S.C. § 1983 if that defense is apparent from the face of the

complaint. *See Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). However, the court is generally required to "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."[15] *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247–48 (11th Cir. 2015) (noting that prior to a *sua sponte* dismissal, a court "must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond").

It appears from the face of the complaint that Lawrence's claims which accrued prior to September 1, 2018, are barred by the applicable statute of limitations. (Doc. 1). The proper statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249–50 (1989). The residual statute of limitations for personal injury in Alabama is two years.[16] Ala. Code § 6-2-38(*l*).

A limitations period begins to run when a cause of action accrues. *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). In this Circuit, a cause of action ordinarily "will not accrue, and thereby set the limitations clock running, until the plaintiff[ ] know[s] or should know (1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Generally, once a limitations period has run, the action is barred, regardless of the merits of the plaintiff's claims. *See generally Arce v. Garcia*, 434 F.3d 1254, 1260–61 (11th Cir. 2006).

---

[15] A magistrate judge's report and recommendation provides the necessary notice and opportunity to respond. *See Daker v. Reynolds*, No. 21-10614, 2023 WL 1872726, at *5 (11th Cir. Feb. 10, 2023).

[16] Alabama Code § 6-2-38(*l*) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

Lawrence does not dispute that from 1993 to 2019, he received copies of his progress reviews and/or classification summaries which contained allegedly erroneous information about his prior convictions. (Doc. 1-19 through 1-27; Doc. 1-36 through 1-53). Indeed, Lawrence has attached those documents to his complaint and most of them are signed by him. (*Id.*). Therefore, Lawrence knew or should have known that allegedly erroneous information concerning his prior convictions was included in his prison file. But Lawrence did not file this action until September 1, 2020.[17] (Doc. 1 at 23). Accordingly, all of Lawrence's claims which accrued prior to September 1, 2018—more than two years before the filing of the complaint—are untimely.[18] Accordingly Lawrence's claims against the defendants regarding placement of erroneous information in his prison file prior to September 1, 2018, are due to be dismissed.

### D.  Obenchain & Hayes – Claims which Accrued After September 1, 2018

Lawrence's claims against Hayes and Obenchain based on their failure to correct information in his file in October 2018 (doc. 1 at 9), and against Hayes for failing to do the same in August 2019 (doc. 1 at 8) are the only timely claims remaining. As explained below, viewing the facts in a light most favorable to Lawrence, Obenchain and Hayes' motion for summary

---

[17] Because a prisoner proceeding *pro se* has virtually no control over the mailing of his pleading, it is deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *Houston v. Lack*, 487 U.S. 266, 270–72 (1988). Although the record contains no information regarding the date Lawrence gave his complaint to prison officials to mail, he signed the complaint September 1, 2020. (Doc. 1 at 23). Therefore, the complaint is deemed filed on that date. The undersigned notes that Lawrence dated his complaint September 1, 2019 in one place. (Doc. 1 at 22). But Lawrence signed and dated the complaint under penalty of perjury September 1, 2020, and noted the same date on the certificate of service. (Doc. 1 at 23). The court received the complaint on September 8, 2020. (Doc. 1 at 1). As such, it appears Lawrence submitted the complaint to prison officials for mailing on or about September 1, 2020.

[18] Although the undersigned recommends herein that Lawrence's claim against Kimbrell Thomas be dismissed for want of service under FED. R. CIV. P. 4(m), the claim against this defendant would also be untimely and barred by the statute of limitations since it arose in August 1993. (Doc. 1 at 5; Doc. 1-40).

11

judgment on Lawrence's due process and conspiracy claims is due to be granted and the claims are due to be dismissed with prejudice.

### 1. Official Capacity Claims

To the extent Lawrence seeks damages against Obenchain and Hayes in their official capacities, the defendants are entitled to summary judgment. Not only does the Eleventh Amendment bar § 1983 claims against the state or an agency of the state, it also bars § 1983 claims for monetary damages brought against officials and employees of state entities sued in their official capacities. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 101–02. Accordingly, Obenchain and Hayes' motion for summary judgment is due to be granted on Lawrence's claims against them in their official capacities for damages.

### 2. Due Process

Lawrence alleges that Obenchain and Hayes maintained false information in his file which influenced the ABPP's decisions to deny him parole. (Doc. 1 at 9–10). Specifically, Lawrence asserts that the defendants included false and erroneous information that he had been convicted of assault with intent to ravish and trespassing. (Doc. 1 at 9–10). Lawrence contends that the assault with intent to ravish charge was pled down to assault and battery, which is a misdemeanor, and maintains that he was never convicted of trespassing. (Doc. 1 at 9, 19).

There is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). However, a state may establish a liberty interest in parole subject to the Due Process Clause if it maintains a parole system that creates a legitimate expectation of parole. *Id*. at 12. But the Eleventh Circuit has squarely held that the Alabama parole statute does not create a liberty interest in parole. *See, e.g.*, *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) (holding that Alabama's parole statute "does not confer a liberty

interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion"); *Ellard v. Ala. Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987) ("[T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole.").

Notwithstanding the foregoing, a parole board may not "rely upon false information in determining whether to grant parole," and such reliance exceeds the parole board's statutory authority. *Monroe*, 932 F.2d at 1442. However, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001); *Monroe*, 932 F.2d at 1442 (explaining that "prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration"). Indeed, "[w]ithout evidence of the Board's reliance on false information, a prisoner cannot succeed." *Jones*, 279 F.3d at 946.

### a. *Presence of False Information in Lawrence's ADOC File*

As an initial matter, Lawrence has no personal knowledge, and merely speculates, that Obenchain and Hayes provided erroneous information to the ABPP concerning his arrest history. Instead, Lawrence's September 30, 1982 PSI Report, which reflected a 1979 assault with intent to ravish conviction, was prepared by the ABPP, not ADOC. (Doc. 24-1, Obenchain Aff. at 1; Doc. 1-56). Lawrence has not come forward with any evidence to rebut Obenchain's and Hayes' affidavits that they did not provide his arrest history to the ABPP, and it was the ABPP that provided Lawrence's arrest history to ADOC. (Doc. 24-1, Obenchain Aff. at 1; Doc. 24-2, Hayes Aff. at 1).

Neither does Lawrence provide evidence that Obenchain and Hayes knowingly maintained

false information in his ADOC file. Obenchain and Hayes state in their affidavits that they took the relevant information from the PSI Report when completing Lawrence's progress reviews and classifications summaries. (Doc. 24-1, Obenchain Aff. at 1; Doc. 24-2, Hayes Aff. at 1). In October 2018, Lawrence asked Warden Patrick for assistance in correcting the information in his prison record. (Doc. 1 at 9). Warden Patrick referred the matter to Classification Specialist Hayes. (Doc. 1 at 9). Hayes maintained that based on Lawrence's PSI Report, he had prior convictions for assault with intent to ravish and trespassing. (Doc. 1 at 9; Doc. 1-30). And when Lawrence informed Obenchain in a October 2018 letter that he had recently obtained a copy of his PSI Report and that assault with intent to ravish was marked through and replaced with assault and battery (doc. 1 at 9; doc. 1-31), Obenchain responded that the assault with intent to ravish conviction was in his PSI Report and not marked out or altered in any way (doc. 1 at 9; doc. 1-31).

It was not until April 29, 2019, that the Jackson County Circuit Court clarified that Lawrence had been convicted of assault and battery, and not assault with intent to ravish, and directed the Clerk to send a copy of its order and case action summaries to the ADOC and the ABPP. (Doc. 1-28). Although Lawrence contends the progress review prepared by Hayes in August 2019 still had the assault with intent to ravish conviction on it (doc. 1 at 8), Lawrence does not allege facts that establish Hayes personally knew of the circuit court's April 2019 order and intentionally failed to change the information. At most, Hayes may have negligently failed to correct the information, but negligence does not state a constitutional violation. *See generally*, 519 F. App'x 569, 574 (11th Cir. 2013) (noting mistakes and negligence on the part of prison officials "are not enough for a constitutional violation"). Lawrence does not dispute Hayes' assertion that once Lawrence provided the case action summaries to Classification, Hayes corrected Lawrence's October 2019 annual progress review and that Lawrence's subsequent 2021 progress review also

14

reflects the correction. (Doc. 24-2, Hayes Aff. at 1).

Moreover, other than providing letters from the Albertville Municipal Court and the Clerk's Office for the Marshall County Circuit Court which state that no trespassing conviction was found for him (doc. 1-32; doc. 1-55), Lawrence has not come forward with any evidence that the trespassing conviction in the PSI Report was incorrect and that Obenchain and Hayes were aware of the same and provided it to the ABPP.[19]

### b. *No Evidence ADOC and/or ABPP Knowingly Relied on False Information*

Even if Lawrence had demonstrated that Obenchain and Hayes knowingly placed false information in his file, which he has not, this conduct alone would not create a constitutional claim. Rather, a plaintiff must show officials *relied* on information known to be false to state a due process claim. *Jones v. Ray,* 279 F.3d 944, 946 (11th Cir.2001) ("Without evidence of the Board's reliance on false information, a prisoner cannot succeed"); *Monroe*, 932 F.2d at 1442 (finding the Board of Pardons and Paroles violated due process by acting arbitrarily and capriciously when it admitted to having relied on information known to be false to deny an inmate parole and to classify him as a sex offender). Thus, even if Obenchain and Hayes knowingly provided false information to the ABPP, Lawrence has not shown evidence that the ABPP knowingly relied on that same false information to deny him parole.[20] Accordingly, Obenchain and Hayes' motion for summary judgment on Lawrence's due process claims is due to be granted and the claims are due to be

---

[19] Marshall County Circuit Court's records only went back to 1991. (Doc. 1-55). Albertville Municipal Court's records only went back to 1987. (Doc. 1-32). Because Lawrence allegedly pled guilty to trespassing around 1982, (doc. 1-56 at 1), Marshall County and Albertville's failure to locate the conviction is not proof that Lawrence was never convicted of the crime.

[20] Far from alleging the ABPP knowingly relied on false information, Lawrence asserts his belief that the ABPP operated in "good faith" and merely assumed that any information the defendants supplied was "true and accurate." (Doc. 1 at 14).

15

dismissed.[21]

### 3. Conspiracy

Lawrence contends that Obenchain and Hayes conspired to maintain false information in his prison record thereby violating his due process rights. (Doc. 1 at 10, 14, 16, 20). Obenchain and Hayes' motion for summary judgment is due to be granted on Lawrence's conspiracy claims.

Section 1983 prohibits officials acting under the color of state law from conspiring to violate an individual's constitutional rights. *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a prima facie section 1983 conspiracy case, the plaintiff must show (1) a violation of a constitutional right, (2) an agreement to deprive the plaintiff of a constitutional right, and (3) "an actionable wrong to support the conspiracy." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)). Thus, to state a plausible conspiracy claim under section 1983, a plaintiff must allege facts suggesting that the defendants "reached an understanding to deny" a constitutional right. *Id*. Though circumstantial evidence can help prove a section 1983 conspiracy, *Grider*, 618 F.3d at 1260, the complaint must "make particularized allegations that a conspiracy exists," *Hansel v. All Gone Towing Co.*, 132 F. App'x 308, 309 (11th Cir. 2005).

Lawrence fails to allege facts showing Obenchain and Hayes conspired, or "reached an understanding" to violate his rights. And because Lawrence has not established that Obenchain and Hayes violated his due process rights, as discussed herein, his conspiracy claims necessarily fail. *See Spencer v. Benison*, 5 F.4th 1222, 1234 (11th Cir. 2021) (holding that "an underlying violation of [ ] constitutional rights . . . is required to sustain a § 1983 conspiracy claim").

---

[21] Lawrence does not allege in his complaint that Obenchain, Hayes, or any other ADOC official knowingly relied on false information in making classification decisions. (Doc. 1).

Accordingly, Obenchain and Hayes' motion for summary judgment on Lawrence's conspiracy claims is due to be granted. [22]

## V. Recommendation

For these reasons, the undersigned **RECOMMENDS** the following:

1. The claims against the Alabama Department of Corrections be **DISMISSED WITH PREJUDICE** based on Eleventh Amendment immunity;

2. The claims against Kimbrell Thomas be **DISMISSED WITHOUT PREJUDICE** for want of service pursuant to FED. R. CIV. P. 4(m);

3. The claims against the defendants regarding placement of erroneous information in Lawrence's prison file prior to September 1, 2018, be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

4. Obenchain and Hayes's motion for summary judgment on Lawrence's due process and conspiracy claims be **GRANTED** and the claims be **DISMISSED WITH PREJUDICE**.

## VI. Notice of Right to Object

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The objecting party must identify

---

[22] To the extent Lawrence contends the defendants conspired to violate his rights under 42 U.S.C. §§ 1985, 1986 (doc. 1 at 16), he is not entitled to relief. Section 1985 is separated into three sections. The first section, § 1985(1), prohibits conspiracies that interfere with the performance of official duties by federal officers, which is not applicable here. *See Morast v. Lance*, 807 F.2d 926, 929 (11th Cir. 1987). The second and third sections, § 1985(2)-(3) prohibit conspiracies to deprive an individual of equal protection based on race or any other class-based reason. *See Chua v. Ekonomou*, 1 F.4th 948, 956 (11th Cir. 2021). Lawrence does not assert in his complaint that the alleged conspiracy was motivated by racial or some other class-based motivation against him. Section 1986 provides redress against a person having knowledge of a conspiracy under § 1985 and neglects or refuses to prevent the wrong. 42 U.S.C. § 1986. Therefore, stating a claim under § 1985 is a prerequisite for relief under § 1986. Because Lawrence has not alleged claims to satisfy § 1985, he cannot obtain relief under § 1986.

every objectionable finding of fact or recommendation and state the specific basis for every objection. The objecting party also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge will conduct a hearing if required by law and may exercise discretion to conduct a hearing or otherwise receive additional evidence. Otherwise, the District Judge may consider the record developed before the Magistrate Judge in making an independent determination of the relevant legal issues. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment entered by a District Judge.

DONE this 18th day of July, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE