UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DONALD LAWRENCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-01576-LSC-JHE |
| ALCORNELIA TERRY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Donald Lawrence filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).  On July 18, 2023, the magistrate judge entered a report recommending the following: (1) Lawrence's claims against defendant Alabama Department of Corrections ("ADOC") be dismissed based on Eleventh Amendment immunity; (2) Lawrence's claims against defendant Kimbrell Thomas be dismissed for want of service under Federal Rule of Civil Procedure 4(m); (3) all of Lawrence's claims against the defendants which accrued prior to September 1, 2018 be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted; and (4) defendants Obenchain and Hayes's motion for summary judgment be granted on Lawrence's due process and conspiracy claims against them which accrued after September 1, 2018.  (Doc. 54).  The magistrate

judge advised the parties of their right to file written objections within 14 days. (Doc. 54 at 17–18).

On August 10, 2023, the magistrate judge granted in part and denied in part Lawrence's motion for an extension of time to file objections to the report and recommendation (doc. 55) and ordered him to file objections within 14 days. (Doc. 56). Lawrence filed timely objections. (Doc. 57).

Lawrence first objects to the magistrate judge's recommendation that the court dismiss his claims against the ADOC based on Eleventh Amendment immunity. (Doc. 57 at 2). Lawrence contends that he did not name the ADOC as a defendant and only seeks relief against the individual defendants. (Doc. 57 at 2). But Lawrence expressly named the ADOC as a defendant in the caption of his complaint. (Doc. 1 at 4). Because the ADOC is entitled to immunity based on the Eleventh Amendment, Lawrence's claims against the ADOC are due to be dismissed. Accordingly, Lawrence's objection on this ground is **OVERRULED**.

Lawrence also objects to the dismissal of his claims against the individual defendants based on Eleventh Amendment immunity. (Doc. 57 at 3–4). In support, Lawrence cites cases which hold that Eleventh Amendment immunity does not apply to claims against state officials in their *individual* capacities. (Doc. 57 at 3). But Lawrence misunderstands the magistrate judge's report and recommendation. The magistrate judge did not recommend dismissal of Lawrence's claims against the

defendants in their individual capacities for monetary relief based on the Eleventh Amendment. Rather, the magistrate judge correctly concluded that Lawrence cannot seek monetary relief against the defendants in their *official* capacities based on Eleventh Amendment immunity (doc. 54 at 12). *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (explaining that the Eleventh Amendment bars damages actions against state officials who are sued in their official capacities). Accordingly, Lawrence's objection on this ground is **OVERRULED**.

Lawrence objects to the dismissal of his claims which accrued before September 1, 2018, based on the applicable statute of limitations. (Doc. 57 at 2–3). He asserts that the statute of limitations does not apply to his claims because the injury is "ongoing." (Doc. 57 at 3).

"The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). But the Eleventh Circuit Court of Appeals has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Id*. at 1335. The Eleventh Circuit reasoned that "[i]f an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]" *Id*. (internal

3

quotation marks and citation omitted). Moreover, in the context of § 1983 actions, the Eleventh Circuit has restated its refusal to "apply the continuing violation doctrine to plaintiffs who were able to avoid the problem by filing within the statute of limitations." *McGroarty v. Swearingen*, 977 F.3d 1302, 1308 (11th Cir. 2020).

Lawrence does not dispute the magistrate judge's determination that between 1993 and 2019, he received copies of his progress reviews and/or classification summaries and was aware that they contained erroneous information about his prior convictions. (Doc. 54 at 11). Indeed, Lawrence acknowledges in his objections that he notified the defendants of the erroneous information in his prison record "over a period of decades." (Doc. 57 at 4). Therefore, Lawrence cannot rely on the continuing violation doctrine to avoid the statute of limitations and his objection on this ground is **OVERRULED**.

Lawrence further objects to the dismissal of his claims against defendant D. Stutts. (Doc. 57 at 4–5). He contends the magistrate judge accepted this defendant's assertion that she was never employed as a Classification Specialist. (Doc. 57 at 4–5). Lawrence misstates the magistrate judge's report and recommendation. Based on the standard of review, the magistrate judge noted that the summary judgment facts were undisputed or taken in a light most favorable to Lawrence as the non-moving party and that any factual dispute would be addressed in footnote form. (Doc. 54 at 2–4 & n.4). The magistrate judge noted that according to the complaint

4

and progress reviews, a Classification Specialist named "D. Stutts" cited Lawrence as having a prior conviction for assault with intent to ravish and referred to him as a repeat sex offender (doc. 1 at 6; docs. 1-42, 1-44, 1-46 to -50). (Doc. 56 at 4–5). But the magistrate judge referenced in a footnote a factual dispute—Deborah Stutts's declaration that she had retired from the Alabama Bureau of Pardons and Paroles and had never been employed by the ADOC as a Classification Specialist (doc. 45-1, Stutts Decl. at 1). (Doc. 54 at 4 n.6).

It is possible that "D. Stutts" and "Deborah Stutts" are not the same person. Regardless, because Lawrence's claims against this individual arose between 1995 and 2003 (doc. 54 at 5), the claims are untimely and subject to dismissal. Consequently, Lawrence's objection on this ground is **OVERRULED**.

Lawrence objects to the dismissal of defendant Kimbrell Thomas for lack of service. (Doc. 57 at 5). The ADOC responded that it never employed an individual by that name. (Doc. 35). In his objections, Lawrence maintains that a Classification Specialist named Kimbrell Thomas signed his August 1993 progress review. (Doc. 57 at 5). However, a review of the August 1993 progress review form indicates the signature *may* be that of an individual named Kimbrell Thomas (doc. 1-40), but it is not definitive. Other than Lawrence's speculation, he has not come forward with any evidence to indicate unequivocally that the signature on his August 1993 progress report is that of a Kimbrell Thomas. Even if he had, Lawrence's claims

5

against this defendant are also barred by the statute of limitations since the claims arose in August 1993. (Doc. 54 at 11 n.18). Accordingly, Lawrence's objection on this ground is **OVERRULED**.

Next, Lawrence concedes that he does not have a liberty interest in parole but maintains that he has a "right to be fairly considered for parole based upon true and correct information in his records." (Doc. 57 at 6). A more accurate statement of the law is that a parole board may not "rely upon false information in determining whether to grant parole." *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991). The Eleventh Circuit has clarified this standard, holding "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. Without evidence of the Board's reliance on false information, a prisoner cannot succeed." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (citing *Monroe*, 932 F.2d at 1442). Because Lawrence has not alleged facts which demonstrate that the Alabama Bureau of Pardons and Paroles relied on erroneous information concerning his prior convictions to deny him parole, defendants Obenchain and Hayes' motion for summary judgment is due to be granted. Accordingly, Lawrence's objection on this ground is **OVERRULED**.

Lawrence objects to the magistrate judge's determination that letters from Albertville Municipal Court and Marshall County Circuit Court which state that the courts were unable to locate a trespassing conviction for Lawrence fail to

6

demonstrate that he was never convicted of trespassing. (Doc. 57 at 7). But Lawrence does not address Albertville Municipal Court's and Marshall County Circuit Court's statements that its records did not go back to 1982—the approximate year of the alleged trespassing conviction (doc. 1-32; doc. 1-55). (Doc. 54 at 15 n.19). Therefore, Lawrence's assertion that the magistrate judge was obligated to conclude that Lawrence was never convicted of trespassing is without merit and his objection on this ground is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, and Lawrence's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that: (1) Lawrence's claims against the ADOC are due to be dismissed with prejudice based on Eleventh Amendment immunity; (2) Lawrence's claims against defendant Kimbrell Thomas are due to be dismissed without prejudice for want of service pursuant to FED. R. CIV. P. 4(m); (3) all of Lawrence's claims against the defendants which accrued prior to September 1, 2018 are due to be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted; and (4) defendants Obenchain and Hayes's motion for summary judgment is due to be granted on Lawrence's due process and conspiracy claims which accrued after September 1, 2018, and the claims are due to be dismissed with prejudice.

A final judgment will be entered.

**DONE** and **ORDERED** on September 19, 2023.

_____
L. Scott Coogler
United States District Judge

160704